**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CRIM NO. 22-CR-00230-RC** |
| **BRIAN JACKSON,** | ) | **Judge: Contreras** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT BRIAN JACKSON'S
MOTION TO SEVER**

COMES NOW defendant Brian Jackson, through counsel, and moves to sever from codefendant Adam Jackson, stating as follows:

1.     In this matter, Defendant Brian Jackson and Adam Jackson are being accused via indictment of crimes that are alleged to have occurred on January 6, 2021 and are currently co-defendants. They were jointly indicted on five counts: (1) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (2) Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); (3) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. 1752(a)(1); (4) Disorderly and Disruptive Conduct in a Restricted Building Grounds, in violation of 18 U.S.C. §1752(a)(2); and (5) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. §

1

1752(a)(4).

2.      On that day, both Adam Jackson and Brian Jackson are alleged to have travelled together to Washington, DC and, while at the U.S. Capitol, conducted illegal behavior while the two of them were together in the Lower West Terrace area.

3.      According to the Statement of Facts in this matter, the one physical action Mr. Brian Jackson is alleged to have performed is "hurling what appears to be an American flag on a light-tan colored pole at police officers" Statement of Facts, Dkt. 1-1, at 5. The police officers at issue were in full riot gear and had riot shields and eye coverings. There is no evidence or allegation in that statement of facts that the pole actually made contact with anyone, or much less actually received any level of injury.

4.      In the same Statement of Facts, however, codefendant Adam Jackson is alleged to have done multiple actions at the same time and location. The Statement of Facts alleges that Adam Jackson was "attacking the same line of law enforcement officers at the tunnel outside of the Lower West Terrace." *Id.* at 7. The alleged attacks include the allegation that Adam Jackson "hurl[ed] a large red or orange object at Capitol Police who are lined up in the tunnel." *Id.* The government

then alleges that "[a]fter throwing the orange object, Adam Jackson charge[d] at the line of law enforcement officers with what appears to be a U.S. Capitol Police riot shield." *Id.* at 8.

## **ARGUMENT**

Rule 14(a) of the Federal Rules of Criminal Procedure states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Interpreting Rule 14(a), courts hold "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Prejudice exists when there is a risk the defendant's trial right would be compromised or when conducting a joint trial would "prevent the jury from making a reliable judgment about guilt or innocence." United States v. Gray, 173 F. Supp. 2d 1, 6 (D.D.C. 2001) (citing Zafiro v. United States, 506 U.S. 534, 539 (1993)).

In the present case, given the fact that Mr. Brian Jackson and Adam Jackson are brothers who were together and travelled together, trying the two of them together will create the possibility that the intent of Adam Jackson's multiple violent actions that actually made physical contact with the officers was the same intent that Mr. Brian Jackson's had with his one considerably less violent or potentially damaging action. Therefore, a severance would be appropriate in this case for that reason.

Similarly, a severance is appropriate when a juror may fail to compartmentalize evidence when the evidence against one defendant is significantly more overwhelming than the evidence against the co-defendant, or there is "gross disparity of the quantity and quality" of the evidence against each defendant. United States v. Gray at 6. However, there must be "clear disparities between the weight, quantity, or type" of evidence between the different defendants to find prejudice. United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991)(citing United States v. Manner, 887 F.2d 317, 324 (D.C. 1989), *cert. denied,* 488 U.S. 840 (1990)). The disproportionality "must create a viable possibility that the jury, even with the air of curative instructions and appropriate voir dire, will be unable to compartmentalize the evidence between defendants or will be impeded in their duty to render a fair assessment of guilt or innocence." Gray at 15. As

indicated earlier, the multiple physical actions alleged to have been done by Adam Jackson, as opposed to the sole physical act alleged by Brian Jackson, is of such a disproportionate amount so as to affect the jury's ability in providing a fair assessment of the evidence against the two codefendants. This assessment is much more likely to affect the fewer actions of Brian Jackson than Adam Jackson. Accordingly, the court should sever the cases of the codefendants in this matter on those grounds.

Finally, a judge may grant a motion to sever if one defendant needs the testimony of the other defendant; in which case the defendant must show "a bona fide need for the testimony, the substance of the desired testimony, the exculpatory nature and effect of the testimony, and the likelihood that the co-defendant would actually testify." Gray at 15. There may be prejudice if exculpatory evidence, like witness testimony, would be available to a defendant in a separate trial but is not available in a joint trial. See Zafiro v. United States, 506 U.S. 534, 539 (1993). Upon information and belief, Mr. Adam Jackson, if he were to testify, would be able to provide evidence that it was not the intent of he and/or Mr. Brian Jackson had the criminal intent to commit the offenses which they are accused of. If they are tried together, Adam Jackson would have the right to exercise his Fifth Amendment right to remain silent during trial and would therefore be unavailable

to Brian Jackson. However, if Adam Jackson would have a trial first, after the trial's conclusion, he would be able to testify to facts regarding the state of mind of the brothers, namely, the lack of *mens rea,* in Brian Jackson's trial, as Adam Jackson would no longer have any jeopardy or self-incrimination issues when he would testify in his brother's case. For that reason, the court should grant the motion to sever.

WHEREFORE, for the reasons explained above, defendant Brian Jackson respectfully requests that his motion to sever be granted and that his case be severed from codefendant Adam Jackson.

Respectfully submitted,

BRIAN JACKSON
By Counsel

 /s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Attorney for Brian Jackson
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 21st day of July, 2023, which will send a notification of such filing (NEF) to the following to all counsel of record.


    /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Brian Jackson
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com